UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANTONIO G. ROBLES,

Plaintiff,

v.

STEVEN JOHNSON, *et al.*,

Defendants.

Case No. 1:22-cv-00620-ADA-CDB (PC)

FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM, FAILURE TO COMPLY WITH A COURT ORDER, AND FAILURE TO PROSECUTE

(Docs. 7, 8)

**FOURTEEN (14) DAY DEADLINE**

Plaintiff Antonio G. Robles is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil action filed under 42 U.S.C. § 1983.

On April 26, 2023, the Court issued a screening order finding that Plaintiff's complaint fails to state a cognizable Eighth Amendment claim or state law claims for medical malpractice and/or negligence. (Doc. 7.) The Court directed Plaintiff, within twenty-one days, to "(1) file a first amended complaint, (2) file a notice indicating that he wishes to stand on his complaint subject to the undersigned recommending the district court dismiss . . . the complaint for the reasons stated above in this order; or (3) file a notice to voluntary dismiss this action pursuant to Rule 41(a)(1). (*Id.* at 9.) The Court plainly warned Plaintiff: "Plaintiff is forewarned that failure to comply with this order may result in an order of dismissal or a recommendation that the petition be dismissed pursuant to Local Rule 110." (*Id.*) Despite this admonishment, Plaintiff failed to respond to the order.

On May 31, 2023, the Court entered an order requiring Plaintiff to show cause why this action should not be dismissed for failure to state a claim, failure to comply with a court order, and failure to prosecute. (Doc. 8.) The Court afforded Plaintiff fourteen days to respond to the order. Alternatively, Plaintiff was granted leave to file a first amended complaint curing the deficiencies identified in the Court's screening order or file a notice of voluntary dismissal of this case. The Court warned: **Failure to comply with this Order will result in a recommendation for the dismissal of this case, without further notice, for failure to state a claim, failure to comply with a court order, and failure to prosecute.** (*Id.*)

Plaintiff failed to comply with the order to show cause, and the time to do so has passed.

A *pro se* plaintiff must comply with orders of the Court. *See* L.R. 183. Failure to comply with a court order may be grounds for imposition of sanctions, including dismissal or any other sanction appropriate under the Local Rules. L.R. 110, 183. The district court's inherent power to control its docket also allows the court to impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *see* L.R. 110.

In considering whether to dismiss an action for failure to comply with a court order, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

The Ninth Circuit has explained that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Plaintiff has failed to advance and prosecute this case by ignoring this Court's directions in its April 26 screening order and May 31 show cause order requiring Plaintiff to file a response. Accordingly, this factor weighs in favor of dismissal.

The Court's need to manage its docket also weighs in favor of dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest . . . . It is incumbent upon the Court to manage its docket

without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642. Here, Plaintiff's failure to file the responses required by this Court's April 26 screening order and May 31 show cause order is delaying this case and interfering with docket management. Therefore, the second factor also weighs in favor of dismissal.

With respect to the third factor, the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991. However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643. Plaintiff's failure to comply with a court order and to prosecute this case is causing a delay. The third factor also weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further, unnecessary expenditure of its scarce resources. Given Plaintiff's incarceration and *in forma pauperis* status, monetary sanctions are of little use. Moreover, at the stage of these proceedings, the preclusion of evidence or witnesses is not available. The Ninth Circuit has explained that "[a] district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). "A district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of imposing the harshest possible sanction of dismissal with prejudice.

The fifth factor, the public policy favoring the disposition of cases on their merits, ordinarily weighs against dismissal. *See In re Phenylpropanolamine Prods. Liab. Litig*., 460 F.3d 1217, 1228 (9th Cir. 2006). However, because Plaintiff has disregarded the Court's orders, this factor does not weigh completely against dismissal.

After weighing these factors, the Court finds that dismissal is appropriate. Additionally, Plaintiff appears to have abandoned this action. Whether he has done so intentionally or

mistakenly is inconsequential. Plaintiff bears the responsibility to comply with the Court's orders. The Court declines to expend its limited resources on a case that Plaintiff no longer wishes to prosecute.

Accordingly, it is hereby RECOMMENDED:

1. The Court DISMISS this action WITH PREJUDICE for failure to state a claim upon which relief may be granted, failure to obey a court order, and failure to prosecute; and
2. Direct the Clerk of Court to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** from the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 22, 2023**

UNITED STATES MAGISTRATE JUDGE