UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO G. ROBLES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STEVEN JOHNSON, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:22-cv-00620-ADA-CDB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION *NUNC PRO TUNC* FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT; AND ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 10)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 9)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(Doc. 8)<br><br>**AUGUST 31, 2023, DEADLINE** |

　　　　Plaintiff Antonio G. Robles is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983.

**I.　　FIRST AMENDED COMPLAINT**

　　　　On April 26, 2023, the Court entered a screening order finding the complaint failed to state a cognizable Eighth Amendment claim and did not allege exhaustion of Plaintiff's state clams. (Doc. 7.) The Court granted Plaintiff leave to file a first amended complaint within

twenty-one days and warned that "failure to comply with this order may result in an order of dismissal or a recommendation that the petition be dismissed pursuant to Local Rule 110." (*Id.*)

After Plaintiff failed to respond to the order, on May 31, 2023, the Court entered an order to show cause why the action should not be dismissed or to file a first amended complaint within fourteen days. (Doc. 8.) The Court advised: "**Failure to comply with this Order will result in a recommendation for the dismissal of this case, without further notice, for failure to state a claim, failure to comply with a court order, and failure to prosecute.**" (*Id.* at 2) (alteration in original).

Plaintiff failed to respond to the order to show cause. Therefore, on June 22, 2023, the Court issued findings and recommendations to dismiss this case with prejudice for Plaintiff's failure to state a claim, failure to comply with a court order, and failure to prosecute. (Doc. 9.) The Court advised Plaintiff that he could file written objections to the findings and recommendations within fourteen days. (*Id.*) Plaintiff filed no objections.

During the pendency of the findings and recommendations, Plaintiff filed the instant motion for an extension of time to file a first amended complaint. (Doc. 10.) As grounds, Plaintiff advises he has suffered from a severe mental health crisis and has been unable to conduct legal work. (*Id.*) For good cause shown, the Court grants Plaintiff's request and extends the deadline for filing a first amended complaint to August 31, 2023.  Further, the Court concludes that the conduct cited in the order to show cause constitutes excusable neglect. *See In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007).  Accordingly, the Court finds good cause to discharge the order to show cause. (Doc. 8).

## II.    APPOINTMENT OF COUNSEL

Plaintiff also requests the appointment of a lawyer because his "mind is numb and empty from the medication and the trauma of my mental health crisis." (Doc. 10 at 3.)

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *modified on other grounds by Rand v. Rowland*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (noting the panel opinion concerning appointment of counsel was not affected by the Court's en banc review and is not withdrawn) (en

banc). The district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court seeks volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted). A likelihood of success on the merits determination is not the same as that required at screening; at screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. At this stage of the litigation, the merits of the allegations are not tested because the Court accepts factual allegations as true for purposes of screening.

The Court must also evaluate Plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. While the Court recognizes Plaintiff is at a disadvantage due to his *pro se* status and incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The test is whether exceptional circumstances exist.

There is little doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Id*. For this reason, in the absence of counsel, federal courts employ procedures that are highly protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a pro se litigant can "articulate his claims" in light of the

3

relative complexity of the matter, the "exceptional circumstances" that might warrant the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; *accord Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *see also Robinson v. Cryer*, No. 1:20-cv-00622-HBK (PC), 2021 WL 9541411, at *1 (E.D. Cal. Jan. 11, 2021) ("Although Plaintiff is proceeding pro se and is incarcerated, he faces the same obstacles all pro se prisoners face").

An incapacitating mental disability may be grounds for appointment of counsel in some cases, but a plaintiff making that argument must present substantial evidence of incompetence such as medical records. *West v. Dizon*, No. 2:12-cv-1293 DAD P, 2014 WL 114659, at *4 (E.D. Cal. Jan. 9, 2014) (citing *McElroy v. Cox*, 2009 WL 4895360 at *2 (E.D. Cal. Dec. 11, 2009)). The fact that a plaintiff suffers from mental health conditions is not sufficient to establish exceptional circumstances. Plaintiff must identify the conditions he suffered from, explain how they prevented him from proceeding without counsel, and provide medical documentation to support his claimed impairments and their effect on his functioning. *Bouie v. Smith*, No 2:18-cv-2040 KJM AC P, 2021 WL 1877253, at *1 (E.D. Cal. Mar. 24, 2021). Even if a plaintiff provides medical records confirming his mental health diagnosis and he suffers from some difficulties, the records must establish he is so impaired that he is unable to pursue this case without assistance of counsel. *Escamilla v. Oboyle*, No. 2:22-cv-2038 KJM AC P, 2023 WL 2541773, at *1 (E.D. Cal. Mar. 16, 2023).

The Court has screened the complaint and finds that this case does not present complex legal issues, and Plaintiff was able to articulate his claims and supporting factual allegations competently. Moreover, Plaintiff has not presented substantial evidence of incompetence such as medical records. Many inmates with mental illnesses are able to adequately articulate their claims without assistance, and he has thus far plaintiff has demonstrated that he is capable of doing so.

Therefore, Plaintiff's request for appointment of counsel (Doc. 10) is denied without prejudice. If Plaintiff renews his request, he must identify his mental health conditions, explain how they prevent him from proceeding without counsel, and provide medical documentation to substantiate his allegations of impairments and their effect on his functioning. *Bouie*, 2021 WL 1877253, at *1.

### III. CONCLUSION

Accordingly, it is hereby ORDERED:

1. Plaintiff's motion for an extension of time (Doc. 10) is GRANTED. Plaintiff shall file a first amended complaint on or before **August 31, 2023**, or a notice of voluntary dismissal if he no longer wishes to pursue this action;

2. Plaintiff's request for appointment of counsel (Doc. 10) is DENIED WITHOUT PREJUDICE;

3. The findings and recommendations issued on June 22, 2023 (Doc. 9), are VACATED;

4. The Court's order to show cause (Doc. 8) is DISCHARGED; and

5. The Clerk of Court is directed to send Plaintiff a civil rights complaint form.

**If Plaintiff fails to comply with this Order, the Court will recommend that this action be dismissed for failure to state a claim and failure to obey a court order.**

IT IS SO ORDERED.

Dated: __**August 9, 2023**__   _____
UNITED STATES MAGISTRATE JUDGE