|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ANTONIO G. ROBLES, | Case No.: 1:22-cv-00620-KES-CDB |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** |
| v. | |
| STEVEN JOHNSON, et al., | **14-DAY OBJECTION PERIOD** |
| Defendants. | |

Plaintiff Antonio G. Robles is appearing pro se and *in forma pauperis* in this civil rights action.

**I.    INTRODUCTION**

On September 18, 2025, the Court issued its Second Screening Order. (Doc. 15.) Plaintiff was directed to file a second amended complaint, or a notice of voluntary dismissal, within 21 days. (*Id*. at 9.)

On October 17, 2025, when Plaintiff failed to file either an amended complaint or a notice of voluntary dismissal, the undersigned issued Findings and Recommendations to Dismiss Action for Plaintiff's Failure to Obey Court Orders and Failure to Prosecute. (Doc. 16). Plaintiff was directed to file any objections within 14 days. (*Id*. at 4.)

On October 29, 2025, Plaintiff filed a second amended complaint. (Doc. 17.)

On October 31, 2025, the Court vacated its earlier recommendation to dismiss this action

for Plaintiff's failure to obey court orders and failure to prosecute and directed the Clerk of the Court to update Plaintiff's address of record. (Doc. 18.) The Court advised Plaintiff his second amended complaint would be screened in due course. (*Id*. at 2.)

## II.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III.     PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id*. (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal

1    theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation
2    of a civil rights complaint may not supply essential elements of the claim that were not initially
3    pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal
4    quotation marks & citation omitted), and courts "are not required to indulge unwarranted
5    inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation
6    marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not
7    sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's
8    liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### IV.    DISCUSSION

#### A. Plaintiff's Second Amended Complaint

Plaintiff names two defendants: Dr. Steven Johnson with Central Coast Eye Group and Dr. Aminesh Petkar with Central Valley Eye Group. (Doc. 17 at 1- 3.) He seeks money damages. (*Id.* at 5.)

#### B. The Factual Allegations

Plaintiff contends Defendant Johnson "should have protected [him from himself] in 2019." (Doc. 17 at 3.) He asserts Johnson told him, "'You might lose the rest of your vision if I do the surgery.'" (*Id.*) Plaintiff states he "pestered" Johnson "until he finally did the surgery." (*Id.*) Plaintiff maintains "a surgeon can't do whatever the patient wants" and that Johnson's duty

was to protect Plaintiff even from himself. (*Id.*) Plaintiff contends he was left blind after the surgery. (*Id.*) Later, Plaintiff was examined by Dr. Tawansy[1] in Bakersfield (who had performed Plaintiff's "first and second vitrectomy [surgeries] in 2016 and 2017"); Tawansy told Plaintiff that Defendant Johnson "shouldn't have done the surgery at all, because 90% of third and fourth vitrectomy [surgeries] fail[] and the patient never gains vision only loses vision." (*Id.* at 3-4.) Plaintiff alleges that after the surgery performed by Johnson he was "totally blind" and three months later his left eye "turned blue in color" and "died." (*Id.* at 4.)[2]

Next, Plaintiff alleges that about two months later he "was sent to Fresno to clinic named 'Central Valley Eye Group.'" (Doc. 17 at 4.) Plaintiff's left retina was examined by Defendant Petkar.[3] On that occasion, Plaintiff's "left eye was blue in color [and] almost closed." (*Id.*) Petkar stated to Plaintiff that his eye was "'dead, that's why it's blue in color'" and did not recommend "'another detached retina surgery, a vitrectomy surgery, it's pointless.'" (*Id.*) Nevertheless, Plaintiff contends that two weeks later Petkar called him "and explained that … he might be able to regain" some of Plaintiff's vision." (*Id.*) Plaintiff asserts that was a "complete lie," but that he was "naïve and trusted" the doctor. (*Id.* at 4-5.) Plaintiff states Defendant "had a kind and humble face," and asks, "so why did he do the surgery knowing [Plaintiff's] eye was dead!!!" (*Id.* at 5.)

### C. Deliberate Indifference to Serious Medical Needs

Plaintiff asserts Eighth Amendment deliberate indifference to serious medical needs claims against the named Defendants.

### *Applicable Legal Standards*

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need

---

[1] While Plaintiff named Tawansy as a defendant in his original and first amended complaints (*see* Doc. 1 at 1-2 & Doc. 12 at 1, 4), he does not do so in his second amended complaint.

[2] The surgeries referenced are vitrectomies. Vitrectomy is a type of eye surgery used to treat problems of the eye's retina and vitreous." *See* https://www.aao.org/eye-health/treatments/what-is-vitrectomy, American Academy of Ophthalmology, last accessed 11/6/2025.

[3] Plaintiff does not expressly reference Petkar in his factual allegations; rather he refers to the doctor as "he." (*See* Doc. 17 at 4-5.) But because Plaintiff named two physicians as defendants and has separated his claims against each, it is clear his second claim concerns Defendant Petkar.

is serious if failure to treat it will result in "'significant injury or the unnecessary and wanton infliction of pain.'"" *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (9th Cir. 2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096 (quotation marks omitted)).

As to the first prong, indications of a serious medical need "include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation & internal quotation marks omitted); accord *Wilhelm*, 680 F.3d at 1122; *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) ("Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain").

As to the second prong, deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).  Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847. In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett,* 439 F.3d at 1096). "A prisoner need not show his harm

was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett*, 439 F.3d at 1096 (citing *McGuckin*, 974 F.2d at 1060).

Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id*. at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id*. (quoting *Gibson v. Cnty. of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

To prevail on a deliberate-indifference claim, a plaintiff must also show that harm resulted from a defendant's wrongful conduct. *Wilhelm*, 680 F.3d at 1122; *see also Jett*, 439 F.3d at 1096; *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (prisoner alleging deliberate indifference based on delay in treatment must show delay led to further injury).

Finally, a "private physician or hospital that contracts with a public prison system to provide treatment for inmates performs a public function and acts under color of law for purposes of § 1983." *George v. Sonoma Cnty. Sheriff's Dep't*, 732 F. Supp. 2d 922, 934 (N.D. Cal. 2010) (citing *West v. Atkins*, 487 U.S. 42, 56 n. 15 (1988); *Lopez v. Dep't of Health Servs*., 939 F.2d 881, 883 (9th Cir. 1991)).

*Analysis*

Liberally construing the second amended complaint and accepting all facts as true, Plaintiff fails to allege a plausible Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Johnson and Petkar. As the Court noted in its earlier screening order, Plaintiff meets the first prong of the deliberate indifference test. (*See* Doc. 15 at 9.) But again, Plaintiff fails to demonstrate the second prong of the relevant test: that these Defendants' response to his serious medical need was deliberately indifferent. *Wilhelm*, 680 F.3d at 1122.

As to Defendant Johnson, Plaintiff's assertion that Johnson "should have protected me from myself" is a legal conclusion, rather than a factual allegation, that the Court is not required

to accept. *Iqbal*, 556 U.S. at 678. Next, the fact Plaintiff "pestered" Johnson "until he finally did the surgery" does not indicate Johnson was deliberately indifferent – according to Plaintiff's allegations, Johnson advised Plaintiff that the surgery could result in the further loss of Plaintiff's vision and Plaintiff consented to the procedure. *See Drawn v. Castonguay*, No. 1:25-cv-00722-JLT-SAB (PC), 2025 WL 2624157, at *3 (E.D. Cal. Sept. 11, 2025) (citing cases; "where an inmate consents to surgery, but later argues that they did not consent to the surgery actually performed, [the inmate] fails to show an Eighth Amendment violation"), *F&R adopted*, 2025 WL 2897574 (Oct. 10, 2025), *appeal filed*, No. 25-6807 (9th Cir. Oct. 28, 2025).

Additionally, Dr. Tawansy's opinion that Johnson should not have performed the 2019 surgery does not establish Johnson was deliberately indifferent. A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Toguchi*, 391 F.3d at 1058 (same). To establish a difference of opinion rising to the level of deliberate indifference, "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Plaintiff alleges no such facts that would permit drawing a reasonable inference that Defendants' conduct was medically unacceptable. To the contrary, Plaintiff's allegations reflect he was advised of the risks associated with the 2019 procedure and elected to proceed. Notably, Plaintiff's allegations amount to assertions of negligence or medical malpractice but do not rise to the level of deliberate indifference. *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-106); *see Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).[4]

Concerning Defendant Petkar, Plaintiff fails to state a claim because he pleads no facts permitting a reasonable inference that the surgery performed by Petkar was medically unacceptable under the circumstances. *Jackson*, 90 F.3d at 332. Additionally, Plaintiff's assertion

---

[4] The Court previously advised Plaintiff regarding the requirements for stating a state law medical malpractice or negligence claim. (*See* Doc. 15 at 7 & Doc. 7 at 7-8.) He asserts no such claim in the second amended complaint.

7

that Petkar initially recommended against another surgery but then weeks later[5] explained to Plaintiff that he (Petkar) "might be able to regain some of" Plaintiff's vision, but where the surgery did not obtain such a result, does not indicate Petkar acted with a state of mind more blameworthy than negligence or that Petkar knew Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measure to abate it. *Farmer*, 511 U.S. at 835, 847. And, again, negligence or medical malpractice do not state an Eighth Amendment deliberate indifference claim. *Estelle*, 429 U.S. at 106; *Broughton*, 622 F.2d at 460. Plaintiff's allegations merely establish Plaintiff's disagreement with the treatment he received from Defendant Petkar. *Sanchez*, 891 F.2d at 242.

### *Further Leave to Amend Would be Futile*

Because Plaintiff's second amended complaint is deficient for the same reasons as those articulated in the Court's original and first screening orders (*see* Docs. 7 & 15) and because Plaintiff has failed to remedy those deficiencies, the Court assesses that Plaintiff cannot cure his pleadings and, thus, that leave to amend would be futile. *See Hartman v. CDCR*, 707 F.3d 1114, 1129-30 (9th Cir. 2013) (affirming dismissal of first amended complaint and finding leave to amend futile where complaint's allegations belied plaintiff's entitlement to relief).

### V.    CONCLUSION AND RECOMMENDATION

Based on the above, this Court **HEREBY RECOMMENDS** this action be dismissed, without leave to amend, based on Plaintiff's failure to state a claim upon which relief can be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to

---

[5] Plaintiff's assertion that Petkar told him his eye was "dead" conflicts with Plaintiff's assertions relating to Defendant Johnson. In asserting his claim against Johnson, Plaintiff alleges that three months after Johnson performed the surgery, Plaintiff's "eye turned blue in color" and his "eye died," whereas Plaintiff alleges he saw Petkar "about two months after" the Johnson procedure. In other words, the timing of Plaintiff's assertion that his eye was "dead" before Petkar performed the last surgery is in conflict.

8

Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **November 7, 2025**

UNITED STATES MAGISTRATE JUDGE